***********
Upon review of the record, including the pleadings from the Industrial Commission file, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and the pleadings, reverses the Order of the Special Deputy Commissioner.
 ***********
On June 3, 2009, Plaintiff initiated this civil action by filing his Tort Claims Affidavit with the North Carolina Industrial Commission. Plaintiff's Affidavit and arguments at the motions hearing appear to be alleging that a North Carolina Department of Correction (hereinafter "NCDOC") employee used excessive force against Plaintiff.
On September 8, 2009, Defendant filed a Motion to Dismiss and Motion for Stay of Discovery. Defendant moved to dismiss the action on the grounds that Plaintiff (1) failed to state *Page 2 
a claim for negligence and (2) lack of subject matter jurisdiction as intentional acts by an employee of the State are not compensable under the Tort Claims Act.
A defendant's motion to dismiss tests the legal sufficiency of a plaintiff's complaint by presenting the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under the Tort Claims Act. See Isenhour v. Hutto,350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999). "A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which would be proved in support of the claim." Newton v. StandardFire Ins. Co., 291 N.C. 105, 111, 229 S.E.2d 297, 300 (1976); (citations and internal quotation marks omitted).
Taking all alleged facts in the light most favorable to Plaintiff, the Full Commission concludes that Plaintiff's pleadings are not so insufficient as to appear to a certainty that Plaintiff is entitled to no relief under any state of facts. Id. Using more force than necessary in restraint of an inmate can support a claim for negligent use of excessive force. Jackson v. North Carolina Dep'tof Crime Control Pub. Safety,97 N.C. App. 425, 388 S.E.2d 770 (1990).
IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is DENIED. Defendant's Motion for a Stay of Discovery is also DENIED. This case shall be set for an evidentiary hearing before a Deputy Commissioner after a reasonable time of up to 90 days is allowed to complete discovery.
No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 16th day of August, 2010.
 S/___________________ *Page 3 
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1